1
2
3
4
5
6                     UNITED STATES DISTRICT COURT

7                          DISTRICT OF NEVADA

8   KENYON JAMES STARK,                      Case No. 2:17-cv-00727-RFB-VCF

9              *Petitioner*,
                                             **ORDER**
10       vs.

11

12  BAKER, *et al.,*

13              *Respondents*.

14

15       This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's

16  application (ECF No. 4) to proceed *in forma pauperis* and for initial review of the petition

17  under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules").

18       On the pauper application (ECF No. 4), the Court finds that petitioner is not able to pay

19  the filing fee within a reasonable time and therefore will grant the application.

20       Following initial review of the petition, the Court will direct a response.

21       **IT THEREFORE IS ORDERED** that petitioner's application (ECF No. 4) to proceed *in*

22  *forma pauperis* is GRANTED and that petitioner shall not be required to pay the filing fee.

23       **IT FURTHER IS ORDERED** that the Clerk of Court shall file the petition.

24       **IT FURTHER IS ORDERED** that the Clerk shall informally electronically serve the

25  Nevada Attorney General with a copy of the petition and this order, along with regenerated

26  notices of electronic filing of the remaining filings herein.

27       **IT FURTHER IS ORDERED** that respondents shall have **sixty (60) days** from entry

28  of this order within which to respond to the petition.  Any response filed shall comply with the

remaining provisions below, which are tailored to this particular case based upon the Court's screening of the matter and which are entered pursuant to Habeas Rule 4.

**IT FURTHER IS ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT FURTHER IS ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT FURTHER IS ORDERED** that respondents shall file a set of state court exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

**IT FURTHER IS ORDERED** that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

1　　　　**IT FURTHER IS ORDERED** that counsel additionally shall send a hard copy of all

2　exhibits filed to, for this case, the Reno Clerk's Office.

3　　　　**IT FURTHER IS ORDERED** that petitioner shall have **sixty (60) days** from service of

4　the answer, motion to dismiss, or other response to mail a reply or response to the Clerk of

5　Court for filing.

6　　　　**IT FURTHER IS ORDERED** that all requests for relief must be presented by a motion

7　satisfying the requirements of Rule 7(b) of the Federal Rules of Civil Procedure.  The Court

8　and the Clerk do not respond to letters and do not take action based upon letters, other than

9　a request for a status check on a matter submitted for more than ninety days.  Further, neither

10　the Court nor the Clerk can provide legal advice or instruction.

11　　　　**DATED**: March 12, 2018.

12

13

14　　　　　　　　　　　　　　　　　　　　　　RICHARD F. BOULWARE, II
　　　　　　　　　　　　　　　　　　　　　　United States District Judge