UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENYON JAMES STARK,<br>           Petitioner,<br>v.<br>WARDEN BAKER, et al.,<br>           Respondents. | Case No. 2:17-cv-00727-RFB-VCF<br><br>ORDER |

This *pro se* habeas petition comes before the Court on respondents' motion to dismiss (ECF No. 10). Petitioner has not responded, and the time for doing so has expired.

Petitioner challenges his state court conviction of five counts of attempt lewdness on a child under the age of 14, which was first entered in the Eighth Judicial District Court on July 10, 2015.[1] (ECF No. 6 at 1-2). Petitioner did not file a direct appeal. He did file a state post-conviction habeas petition, which the trial court mostly denied. (Exs. 67 & 71). However, petitioner's appeal of that decision was dismissed by the Nevada Supreme Court as untimely. (Ex. 83). Petitioner also filed a motion to modify and/or correct illegal judgment in state court, which was denied. (Exs. 73 & 76). Petitioner did not appeal that decision.

Respondents move to dismiss the petition as completely unexhausted. Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely

---

[1] An amended judgment of conviction was entered on October 4, 2017. (Ex. 87). The exhibits cited in this order, comprising the relevant state court record, are located at ECF Nos. 11-13.

through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

The petition in this case asserts three claims: (1) ineffective assistance of counsel based on (a) the failure to correct untrue factual assertions during petitioner's sentencing, (b) the failure to assist petitioner in withdrawing his plea, and (c) the abandonment of petitioner after sentencing; (2) ineffective assistance of counsel with respect to petitioner's plea deal, resulting in an involuntary guilty plea; and (3) violation of due process based on the State's and counsel's failure to provide petitioner with the discovery in his case, including the victim's statements at the preliminary hearing. (ECF No. 6 at 3, 5 & 7).

All three claims were presented in petitioner's state habeas petition. Part of Ground 1 was also asserted in the motion to correct illegal sentence. However, in neither case were the claims thereafter fairly presented to the state's highest courts. Petitioner never appealed the decision on the motion to correct to the Nevada Supreme Court. And as noted, petitioner's appeal of the denial of his state habeas petition was dismissed as untimely. A claim is not fairly presented where it has "been presented for the first and only time in a procedural context in which its merits" are not likely to be considered. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because the Nevada Supreme Court lacks jurisdiction over untimely appeals, Nev. Rev. Stat. § 34.575(1); *Lozada v. State*, 871 P.2d 944, 946 (Nev. 1994), "[a]n untimely appeal is not a procedure by which the Nevada

Supreme Court was likely to address the merits." *Thibes v. LeGrand*, 2013 WL 3930529, at *6 (D. Nev. July 26, 2013). The record does not reflect any other post-conviction petition or motion raising the claims in the petition. Petitioner therefore has not fairly presented any of the claims in his petition to the state's highest court and the entire petition is therefore unexhausted.

The unexhausted petition cannot be considered by the Court and is therefore subject to dismissal. Under these circumstances, petitioner has two options. He can either dismiss the petition without prejudice in order to return to state court to exhaust his claims, or move for other appropriate relief, including but not limited to a motion for stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). Petitioner must make an election within sixty days of the date of this order, or the petition will be dismissed without prejudice as unexhausted. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

Accordingly, IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 10) is GRANTED without prejudice.

IT IS FURTHER ORDERED that, within sixty days of the date of this order, petitioner shall either (1) file a motion to dismiss the entire petition without prejudice so that he may return to state court to exhaust his claims; or (2) file a motion for other appropriate relief, including but not limited to a motion for stay and abeyance. Failure to timely comply with this order will result in the dismissal of this action without prejudice and without further advance notice.

IT IS SO ORDERED.

DATED: February 15, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE